# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| TORRON JONES, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | Case No. 3:18-cv-124-CAR-CHW |
| v. | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| OFFICER TATE, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Report and Recommendation to grant Defendants' Motion to Dismiss [Doc. 20] on the grounds that Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The Court has thoroughly considered the Recommendation, has made a *de novo* determination of the portions of the Recommendation to which Plaintiff objects, and finds the Objection to be without merit. The Court agrees with the findings and conclusions in the Recommendation, and therefore, the Recommendation [Doc. 26] is **ADOPTED** and **MADE THE ORDER OF THE COURT**.

On September 6, 2018, Plaintiff Torron Jones, proceeding *pro se*, filed a civil rights suit pursuant to 42 U.S.C. § 1983 [Doc. 1]. As set forth in the Recommendation, Plaintiff failed to grieve his claims in accordance with the relevant grievance procedures before he filed suit. In his Objection, Plaintiff continues to argue that he was denied access to the

grievance procedures at Jefferson County Correctional Institute ("JCCI"), and a revision to the grievance procedure prevented him from exhausting his administrative remedies. Plaintiff also argues that he has always filed grievances on time, he did not know the standard operating procedure ("SOP") was revised, and the revised SOP was not made available to him. Plaintiff submits that the revision in the SOP hindered him from exhausting his administrative remedies. The Court finds Plaintiff's arguments are without merit.

Defendants have met their burden of showing that Plaintiff has failed to exhaust his available administrative remedies under the second prong of the *Turner v. Burnside* test.[1] As the Recommendation points out, Defendants presented evidence that Plaintiff in fact filed two grievances during the period in which he claims he did not know how to file a grievance, and neither grievance contained the claims Plaintiff alleges.

Further undermining Plaintiff's arguments, the procedure for filing grievances before and after the revision of the SOP is virtually identical.[2] Both versions of the SOP provide that a grievance must be filed within 10 days of the facts giving rise to the grievance and that any grievance filed later than 10 days may be considered upon good cause.[3]

---

[1] *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008); *see Jones v. Bock*, 549 U.S. 199 (2007).
[2] *See* Defs.' Resp. to Pl.'s Obj. [Doc. 28].
[3] *See* Defs.' Resp. to Pl.'s Obj. [Doc. 28], Ex. A; Defs.' Motion to Dismiss [Doc. 20], Ex. A.

Plaintiff has filed over 76 grievances during his incarceration.[4] Twelve grievances were filed during the effective period of the former operating procedure, and nine grievances were filed after the effective date of the current operating procedure. Clearly, Plaintiff has filed grievances before and after the revision of the SOP. For these reasons, the Court finds that any revision in the SOP did not hinder Plaintiff from filing a grievance.

JCCI policy requires that all inmates receive an oral explanation of the grievance procedure upon arrival and are provided with a hardcopy of the same in their Orientation Handbook.[5] Also, a copy of the grievance procedure is available at all times in the facility library. Due to the apparent availability of the grievance procedure and Plaintiff's grievance history, the Court finds Plaintiff's argument that he failed to file his free-exercise grievance because he lacked access to the revised grievance policy and was unaware of its requirements is completely unconvincing. As fully explained in the Recommendation, Plaintiff's allegations do not excuse Plaintiff's failure to exhaust his administrative remedies. Accordingly, the Court finds Plaintiff's Objection to be meritless.

---

[4] Defs.' Resp. to Pl.'s Obj. [Doc. 28], Ex. B.
[5] Defs.' Mot. to Dismiss [Doc. 20], Ex. A, p. 8-9. Section IV(A)(1) states that "[u]pon entering the Department of Corrections, each Offender must receive an oral explanation of the grievance procedure. The Offender must also receive a copy of the Orientation Handbook for Offenders, which includes instructions about the procedure. The Offender's receipt of an oral explanation of the grievance procedure and Orientation Handbook will be noted in the Offender's institutional file. Additionally, Offenders may access a copy of this policy in its entirety at the facility library."

## CONCLUSION

The Recommendation [Doc. 26] of the Magistrate Judge is hereby **ADOPTED** and **MADE THE ORDER OF THIS COURT**. Defendants' Motion to Dismiss [Doc. 20] is **GRANTED**, and Plaintiff's claims are **DISMISSED without prejudice.**

**SO ORDERED**, this 13th day of January, 2020.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT